IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHRISTOPHER SCOTT BAILEY,       )
                                )
         Plaintiff,             )   Civil No. 07-140-CL
                                )
    v.                          )   ORDER
                                )
MR. SMITH, et al.,              )
                                )
         Defendants.            )

AIKEN, District Judge.

Plaintiff filed this action alleging that he injured his ear on a "sharp bolt that protrudes" from his bed post at the Columbia River Correctional Institution. Plaintiff seeks damages and equitable relief including having the bolts capped or cut off and further medical treatment for his alleged hearing loss.

1 - ORDER

Plaintiff now moves for a Preliminary Injunction requiring defendants to "fix the hazardous condition" that caused his injury and for defendant Ireland to arrange for plaintiff to be examined by "an outside ear specialist."

The general rules for granting preliminary relief are familiar and need not be discussed in detail. "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held," and it is generally inappropriate for a federal court at the preliminary injunction stage to give a final judgment on the merits. <u>University of Texas v. Camenisch</u>, 451 U.S. 391, 395 (1981); <u>Tanner Motor Livery, Ltd. V. Avis, Inc</u>, 316 F.2d 804, 808 (9th Cir. 1983). See also, <u>Regents of University of California v. ABC, Inc.</u>, 747 F.2d 511, 514 (9th Cir. 1984) ("* * * the function of a preliminary injunction is to preserve the *status quo ad litem*.") Wright and Miller, <u>Federal Practice and Procedure</u> § 2947 (1973) ("* * * the most compelling reason in favor of entering a Rule 65(a) order is the need to prevent the judicial process from being rendered futile by defendant's actions or refusal to act").

In this case, the preliminary equitable relief that plaintiff seeks would in essence constitute a judgment on the

2 - ORDER

merits of plaintiff's underlying claim and is therefor inappropriate.

In addition, plaintiff alleges that he has been transferred to the Oregon State Correctional Institution. Accordingly, there is no possibility of plaintiff suffering irreparable injury from the "dangerous condition" if preliminary relief is not granted. See, United States v. Odessa Union Warehouse, 833 F.2d 172, 174 (9th Cir. 1987).

Based on the foregoing, plaintiff's Motion for Preliminary Injunction **DENIED**.

IT IS SO ORDERED.

DATED this 5 day of April, 2007.

Ann Aiken
United States District Judge

3 - ORDER